**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49045**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: July 1, 2022** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| GREGORY CONAN WILLIAMS, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order extending duration of amended no-contact order, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gregory Conan Williams appeals from the district court's order extending the duration of an amended no-contact order. Williams argues the district court abused its discretion by extending the amended no-contact order for ten years because the ten-year extension is not necessary to protect the victim. Because the district court did not abuse its discretion, the order extending the duration of the amended no-contact order is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2017, Williams was convicted of felony stalking in the first degree, Idaho Code § 18-7905. The district court imposed a unified term of incarceration of five years, with three years determinate, and retained jurisdiction. The district court also entered an amended no-contact order prohibiting Williams from contacting the victim, knowingly remaining within 100 feet of her, and

1

going within 500 feet of her home in Rexburg and her workplaces in Idaho Falls and Victor. The amended no-contact order was set to expire five years later, on December 17, 2022.

After Williams completed his rider, the district court relinquished jurisdiction.[1] Williams was subsequently released on parole. According to the victim, a condition of Williams' parole required him to stay within Boise County. Nonetheless, on the day Williams was released on parole, he began stalking-type behaviors directed at the victim. On that day, and in violation of the existing no-contact order and his parole conditions, Williams drove past the victim's workplace locations in Victor and Idaho Falls. Because of Williams' behavior, the State filed a motion to extend the no-contact order for an additional twenty-five years. At the motion hearing, the victim stated that she was requesting the no-contact order be extended because "I'm the most likely person [Williams] would retaliate against after being in prison, and he showed that exact same behavior the second he was released earlier this year." The victim testified that Williams' behavior had uprooted her life for years and she feared for her safety.

The district court ordered the no-contact order be extended ten years, to expire on December 17, 2032. Williams timely appealed.

## II.

## STANDARD OF REVIEW

The issuance of a no-contact order is left to the broad discretion of the district court. *State v. Lodge*, 166 Idaho 537, 539, 461 P.3d 819, 821 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Williams argues the district court abused its discretion when it extended the amended no-contact order for ten years. Specifically, Williams asserts the district court did not act consistently with the applicable legal standards when it extended the order because the ten-year duration of the

---

[1]     This Court affirmed the district court's order relinquishing jurisdiction and executing Williams' sentence. *State v. Williams*, Docket No. 45749 (Ct. App. Apr. 19, 2019) (unpublished).

extension is not necessary to protect the victim. The State asserts the district court did not abuse its discretion by extending the amended no-contact order.

Idaho Code § 18-920(1) provides, in relevant part, "[w]hen a person is charged with or convicted of an offense . . . for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued." No-contact orders are made to protect the current or future victims of crimes like assault, battery, domestic violence, and stalking. *Lodge*, 166 Idaho at 540, 461 P.3d at 822. Accordingly, "the grant of discretion to the district court regarding the issuance of no contact orders as part of a criminal case is broad." *Id.* Further, Idaho Criminal Rule 46.2(b) allows a protected person named in a no-contact order to request modification of that order.

Williams acknowledges the district court had the authority to modify the amended no-contact order,[2] but asserts the ten-year duration of the extension was excessive under the facts of this case. We disagree. Williams' behavior once released on parole demonstrated the need to extend the amended no-contact order. Upon his release from prison, despite his conviction and subsequent incarceration, Williams immediately engaged in the same type of stalking behavior that gave rise to his initial conviction. At Williams' underlying criminal trial, the State presented evidence that Williams had engaged in unwanted advances and other inappropriate behavior towards the victim which resulted in law enforcement repeatedly instructing Williams to leave the victim alone. Williams traveled to the city of Boise to attend an event he knew the victim was sponsoring and while there, he followed the victim from a close distance at a concert in violation of the no-contact order. Williams testified that he intentionally went to the event despite having been admonished by law enforcement not to have contact with the victim. Williams also testified that he sent multiple emails to the victim after both the victim and law enforcement told him not to contact her. Williams was convicted of felony stalking and despite serving a portion of his sentence, Williams continued with stalking-like behavior upon his release from custody. The victim testified that the same day Williams was released from prison in Ada County on parole to Boise County, he left the area and drove to the victim's workplaces in Victor and Idaho Falls, a

---

[2]     In the trial court, Williams argued the district court no longer had jurisdiction over the matter and, therefore, did not have authority to extend the amended no-contact order. Williams does not assert this argument on appeal and, instead, argues only that the extension is excessive.

direct violation of the no-contact order and a violation of the terms of his parole. Ultimately, Williams was arrested for the parole violation.

Williams argues that the district court did not act consistently with the applicable legal standards when it extended the amended no-contact order by ten years because it did not make any express findings that the extension was necessary to protect the victim. Williams further argues that neither the facts of the underlying stalking charge or the parole violation justify the extension of the amended no-contact order. As to the underlying criminal conviction, Williams notes he was unarmed and did not threaten the victim. As to the post-parole stalking behavior, Williams asserts that it is not clear the victim was at either of the places Williams went. Williams' arguments miss the mark.

The district court determined, rightly so, that based on Williams' conduct prior to his conviction and following his release on parole, a ten-year extension of the amended no-contact order was appropriate. Williams' continued flagrant disregard for court orders (and the terms of his parole) justify the extension of the amended no-contact order in this case. No-contact orders are made to protect the current or future victims of crimes like stalking. *Lodge*, 166 Idaho at 540, 461 P.3d at 822. Williams' willingness to violate the terms and conditions of parole in order to again violate the amended no-contact order amply demonstrates why an extension of the amended no-contact order was justified to protect the victim and any future victims. Thus, the district court did not abuse its discretion when it extended the amended no-contact order for ten years.

## IV.
## CONCLUSION

The district court did not abuse its discretion by extending the duration of the amended no-contact order for ten years. Accordingly, we affirm the district court's order extending the amended no-contact order.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.